# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| TIFFANY SHAMAINE ROBINSON, | Case No. 18-CV-2478 (ECT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN NANETTE BARNES, | |
| Respondent. | |

Petitioner Tiffany Shamaine Robinson pleaded guilty to conspiracy to interfere with commerce by robbery and brandishing a firearm during a crime of violence in the United States District Court for the Eastern District of Virginia.  *See United States v. Robinson*, No. 2:14-CR-0150 (AMA/DEM) (E.D. Va.).  Robinson did not file a direct appeal, but she did challenge the brandishing conviction pursuant to 28 U.S.C. § 2255 partly on the grounds that the conviction was invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The question is far from frivolous, and the § 2255 motion was held in abeyance while the Fourth Circuit Court of Appeals reached (in unrelated proceedings) the legal question presented by Robinson's motion.  Those Fourth Circuit proceedings, in turn, were delayed pending the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  The result is that Robinson's § 2255 motion, with its claim under *Johnson*, remains pending in the Eastern District of Virginia while that court awaits a decision by the Fourth Circuit.

Robinson now seeks habeas corpus relief in this District on the grounds that her conviction is invalid in light of *Dimaya*. *See* ECF No. 4. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Some, though not all, circuits have concluded that habeas corpus relief is appropriate where — as Robinson argues is the case here — the petitioner relies on a new rule of statutory law made retroactive to cases on collateral review.[1] *See United States v.*

---

[1] Robinson is likely mistaken that *Dimaya* announced a new rule of *statutory* law. *Dimaya* closely and expressly tracks the rule established by *Johnson*, which itself was determined to be a new rule of constitutional law, not statutory law. *See Welch v. United States*, 136 S. Ct. 1257 (2016); *Russo v. United States*, 902 F.3d 880, 881 (8th Cir. 2018) ("[T]he Court in *Johnson* announced a new rule of constitutional law . . . ."). *Dimaya*, like *Johnson*, declared not that courts' previous understanding of the scope of the relevant statute was incorrect, but that the statute itself (or at least a portion thereof) was invalid on constitutional grounds. This is a constitutional holding, not a statutory holding.

*Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997); *but see McCarthan v. Director of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc) (rejecting prior savings-clause jurisprudence); *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011). But this is only because such claims cannot be brought in a "second or successive" motion for relief under § 2255, *see* 28 U.S.C. § 2255(h), thus (these circuits have held) leaving § 2255 inadequate or ineffective for the purpose of raising such claims. Here, though, Robinson is not restricted by § 2255(h), as her first § 2255 motion has not yet been adjudicated on the merits. *See United States v. Sellner*, 773 F.3d 927, 931-32 (8th Cir. 2014). Robinson may therefore request to amend her first § 2255 motion to seek relief under *Dimaya* as well as *Johnson*. And because § 2255 is not inadequate or ineffective to the task of allowing Robinson to test her detention under *Dimaya*, she cannot seek habeas corpus relief from her brandishing conviction in this District. *See* 28 U.S.C. § 2255(e).

Although the Court lacks jurisdiction over Robinson's habeas corpus petition, it may transfer the matter to the appropriate venue should such a transfer be "in the interest of justice." 28 U.S.C. § 1631. To ensure that Robinson's claim for relief under *Dimaya* is put before the sentencing court, and to ensure that the request is not later deemed untimely despite having been raised earlier (albeit in the incorrect venue), *see* 28 U.S.C. § 2255(f)(3), this Court recommends that Robinson's habeas petition be transferred to the

Eastern District of Virginia so that her claim under *Dimaya* may be considered during the course of her ongoing § 2255 proceedings.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be TRANSFERRED to the United States District Court for the Eastern District of Virginia for consideration as part of the proceedings under 28 U.S.C. § 2255 in *United States v. Robinson*, No. 2:14-CR-0150 (AWA/DEM).

Dated: October 29, 2018            *s/David T. Schultz*
                                   David T. Schultz
                                   United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).